UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LONNIE EARL THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 1:05-CV-134 TS |
| vs. ) | |
| ) | |
| ALLEN COUNTY JAIL, *et al.* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Lonnie Earl Thompson, a *pro se* plaintiff, seeks leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss a case if it determines that it fails to state a claim on which relief may be granted.

Mr. Thompson alleges the following: he went to the Allen County Jail with partial prescriptions and a full set of refills; his full refills were taken away; his prescriptions were refilled through VA hospital several times in a short time; the medication intended for him was given to other inmates; the labels from prescriptions were removed; that he was charged for prescriptions; and that medical care at the Jail is subcontracted.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). Indiana's tort claims act (INDIANA CODE 34-13-3-1 *et seq*.) provides for state judicial review of property losses caused by

government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987); *Wilson v. Civil Town of ClaytonII*, 839 F.2d 375, 382 (7th Cir. 1988).

On the basis of the alleged facts, Mr. Thompson may be able to file an Indiana tort claim for the loss of his prescriptions and the money he was charged for them by the jail, but he does not state a claim for which relief may be granted under federal law.

For the foregoing reasons, Mr. Thompson's petition for leave to proceed *in forma pauperis* is denied and this complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on April 29, 2005.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT